IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARK WYNN, | ) | |
| ALBERT PEARSALL, | ) | |
| JOHN TATE, | ) | |
| EUAL BUCKNER, | ) | |
| and | ) | |
| GEORGE RICKETTS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-0203-CV-W-NKL |
| | ) | |
| MISSOURI HIGHWAY PATROL, | ) | |
| et al., | ) | |
| | ) | |
| Defendant and Third- | ) | |
| Party Plaintiff, | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**ORDER**

Pending before the Court is the United States of America's ("United States") Motion to Dismiss the Missouri Highway Patrol's ("MHP") Third-Party Amended Petition [Doc. # 25]. For the reasons set forth below, the Court grants the United States' Motion to Dismiss.

Also pending is Plaintiffs' Motion to Remand [Doc. # 12]. For the reasons set forth below, the Court grants Plaintiffs' Motion.

Because the Court dismisses the MHP's claim against the United States and

1

remands this case to state court, it will also deny as moot the MHP's pending Motion to Dismiss Plaintiffs' Complaint [Doc. # 4], and the United States' previously filed Motion to Dismiss [Doc. # 19].

**I.     Background**

    **A.     Underlying Facts and State Litigation**

In December 1995, MHP officers pulled over Eual Buckner ("Buckner") in Johnson County, Missouri. The officers searched Buckner and his vehicle and placed him under arrest for possession of a controlled substance.

During the search, the officers confiscated $19,068 in United States currency from Buckner's vehicle. The MHP then transferred that currency to federal law enforcement officials. The federal authorities commenced forfeiture proceedings against the currency. The United States then returned approximately 40% of those funds to the MHP and kept the remaining 60%.

In January 2001, Mark Wynn ("Wynn") initiated a lawsuit in the Circuit Court of Jackson County, Missouri. That case was styled *Wynn, et al. v. The Kansas City Missouri Police Dept., et al.*, Case No. 01-CV-201764. In April 2004, Buckner joined the suit. In his portion of the Petition, Buckner alleged that the MHP violated Missouri's Criminal Activity Forfeiture Act ("CAFA"), Mo. Rev. Stat. § 513.647(1), when it turned over the currency to the federal authorities. Buckner asked for the return of his currency based on the MHP's violation of CAFA. Buckner did not sue the United States nor does he challenge the validity of the federal authorities' forfeiture proceeding.

2

In May 2006, the MHP filed a third-party claim in the state court against the United States seeking indemnification if the MHP had to return the $19,068 to Buckner.

B.  **Federal Litigation**

After the MHP filed its third-party claim against the United States in the Jackson County case, the United States removed the state case to this Court under 28 U.S.C. § 1442(a), which automatically authorizes removal where the United States is named as a defendant in a state court case.

According to its amended third-party Petition, the MHP seeks recovery against the United States on a theory of unjust enrichment and indemnification. The MHP states that the United States would wrongfully receive a windfall if the MHP is required to pay the entire amount of the seized currency when, in fact, it has received only 40% of those funds back from the United States after the forfeiture proceedings were finished. The MHP, therefore, seeks indemnification under the Federal Tort Claims Act for any funds that it must return to Buckner.

The United States moves to dismiss MHP's third-party Petition against it, claiming that the United States is protected by sovereign immunity. The Plaintiffs have also filed a Motion to Remand.

II.  **Discussion**

A.  **The United States' Motion to Dismiss the MHP's Third-Party Amended Petition [Doc. # 25]**

1.  *The MHP's Federal Tort Claims Act Claim*

3

Absent a waiver, the doctrine of sovereign immunity shields the United States and its agencies from lawsuits. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Absent a statutory exception, the Federal Tort Claims Act waives sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

The United States moves to dismiss the MHP's third-party claim under the exception set forth in section 2680(c) which provides that the Federal Tort Claims Act does not apply to

>   (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by an officer of customers or excise or any other law-enforcement officer.

28 U.S.C. § 2680(c) (1994).[1]

Courts interpret section 2680(c) broadly so as to give effect to Congress's three legislative goals in enacting the exception: ensuring that designated governmental activities are not disrupted by the threat of damage suits; minimizing the Government's exposure to excessive or fraudulent claims; and not extending the Federal Tort Claims Act to suits for which adequate remedies were already available. *Kosak v. United States*,

---

[1] Congress amended 28 U.S.C. § 2680(c) in 2000 to give a cause of action to individuals whose property was wrongfully seized, but never actually forfeited. That amendment is not applicable to this case because it is not retroactive, *see CCS International, Ltd. v. United States*, 2004 WL 2471454 at *6 (S.D.N.Y. Nov. 1, 2004), and *Cosmomar Shipping Co. v. United States*, 231 F. Supp. 2d 1353, 1355 n. 3 (S.D. Ga. 2002). In addition, the 2000 amendment to section 2680(c) is not factually applicable to MHP's claim because Buckner's property was forfeited.

4

465 U.S. 848, 858 (1984).

Currency is considered property under section 2680(c) and seizures of currency are treated in the same fashion as seizures of other forms of property. *United States v. $149,345 United States Currency*, 747 F.2d 1278, 1283 (9th Cir. 1984) ("[T]here appears to be no valid reason to treat a seizure of money different from goods. . . . [the aims of section 2680(c)] are just as important for seizures of currency as for merchandise."); *Sterling v. United States*, 749 F. Supp. 1202, 1212 n. 13 (E.D.N.Y. 1990) (applying section 2680(c) to seized currency).

Section 2680(c) also has been applied to law enforcement officers other than tax and customs officers. *Nwizuzu v. United States*, 41 Fed. Appx. 18 (8th Cir. 2002) (federal corrections officer covered); *Parmelee v. Carlson*, 77 F.3d 486 (8th Cir. 1996) (same); *Cheney v. United States*, 972 F.2d 247, 248 (8th Cir. 1992) (federal drug task force officers covered).[2]

Because the Federal Tort Claims Act does not waive sovereign immunity for claims involving property seized by law enforcement officers, it is clear that Buckner could not directly recover the forfeited currency from the United States. The only remaining question is whether MHP's third-party claim for indemnification must also fail.

"The FTCA's waiver of sovereign immunity normally encompasses claims for

---

[2]The Circuits are split on whether section 2680(c) applies only to those law enforcement officers acting in a tax or customs capacity. Four circuits hold that it should be narrowly applied to those categories, but the remaining circuits hold that the exception should be applied to all categories of law enforcement. For a recent discussion of the circuit split, *see Andrews v. United States*, 441 F.3d 220 (4th Cir. 2006) (collecting cases).

5

contribution or indemnification where the law of the relevant state would hold a private individual liable for contribution or indemnification in the same circumstances." *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 96-97 (3rd Cir. 1995) (citations omitted). However, claims for contribution or indemnification are prohibited where allowing the third-party claim to proceed would "defeat the purposes of a particular exception to the government's waiver of sovereign immunity." *Id.*

In *Stencel Aero Engineering Corp. v. United States*, 431 U.S. 666 (1977), a private defense contractor was liable in tort to a member of the armed forces who had been injured by its product. The soldier could not directly sue the Government under the Federal Tort Claims Act because of an earlier Supreme Court case that precluded soldiers from suing the Government for injuries they sustained while in service. *Feres v. United States*, 340 U.S. 135 (1950). In *Stencel*, the Supreme Court held that the private contractor similarly could not recover from the Government under a theory of indemnification because permitting a third-party claim to go forward would, in effect, circumvent the Government's sovereign immunity by allowing the third-party to recover even where the actual injured party could not.

Courts have reached similar conclusions regarding another exception to the Federal Tort Claims Act's waiver of sovereign immunity found in section 2680. Section 2680(h) of the Federal Tort Claims Act precludes lawsuits against the Government for claims arising out of misrepresentation and deceit. 28 U.S.C. § 2680(h). In *Beneficial Consumer*, a customer sued a financial institution for releasing the customer's

confidential financial information. The financial institution filed a third party indemnification claim against the Internal Revenue Service ("IRS") alleging that the IRS's misrepresentation of facts caused it to violate the customer's rights. The court held that section 2680(h) precluded the financial institution's third-party claim against the IRS. The court reasoned that where the original plaintiff would be precluded from recovering against the IRS, the third-party plaintiff is similarly precluded; to hold otherwise "effectively would defeat the purposes of the section 2680(h) misrepresentation and deceit exception to the government's waiver of sovereign immunity." *Beneficial Consumer*, 47 F.3d at 97.

Other courts have interpreted section 2680(h) accordingly. *See Colonial Bank & Trust Co. v. American Bankshares Corp.*, 439 F. Supp. 797, 802-03 (E.D. Wis. 1977) (holding that section 2680(h) bars a third-party misrepresentation claim against a government agency); *Marival, Inc. v. Planes, Inc.*, 306 F. Supp. 855, 857-60 (N.D. Ga. 1969) (same).

These cases illustrate that the statutory exceptions to the United States' waiver of sovereign immunity codified in section 2680 are equally enforceable against third parties asserting indemnification claims as they are against the plaintiff injured by the actions of the United States. While these cases arise under a different exception than the one at issue in this case, there is no reason to believe that courts would reach a different conclusion for section 2680(c) than for section 2680(h).

The MHP's indemnification claim against the United States is barred by sovereign

7

immunity. The Court grants the United States' Motion to Dismiss the MHP's Federal Tort Claims Act claim.

### 2. The MHP's Unjust Enrichment Claim

The United States also moves to dismiss the MHP's common law, unjust enrichment claim. Because the MHP is unable to show that the United States has waived its sovereign immunity as to this claim, it also must be dismissed. *See Pesnell v. United States*, 64 Fed. Appx. 73, 74-75 (9th Cir. 2003); *Chem-Nuclear Systems, Inc. v. Arivec Chemicals, Inc.*, 978 F. Supp. 1105, 1110 (N.D. Ga. 1997).

### B. Plaintiffs' Motion to Remand [Doc. # 12]

A district court may decline to exercise supplemental jurisdiction over state law claims where the court "has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3). When a district court dismisses the federal claims, it retains discretion "to either remand the state law claims or keep them in federal court." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

Based on the extensive history of this case before the state court, this Court finds it would be wholly inappropriate to retain jurisdiction over the state law claims where there are no longer any pending claims against the United States. The state court already has invested considerable resources in adjudicating several aspects of this case and it would

be inefficient and duplicative to conduct a second round of proceedings before this Court. Because the Court has dismissed the MHP's claims against the United States–which were the sole basis for this Court's original jurisdiction--it declines to retain jurisdiction over the supplemental state claims. The case is remanded back to the Circuit Court of Jackson County, Missouri.

### III. Conclusion

Accordingly, it is hereby

(1) ORDERED that the United States of America's Motion to Dismiss the Amended Petition [Doc. # 25] is GRANTED;

(2) ORDERED that the United States of America's Motion to Dismiss [Doc. # 19] is MOOT;

(3) ORDERED that MSP's Motion to Dismiss [Doc. # 4] is MOOT;

(4) ORDERED that Plaintiffs' Motion to Remand [Doc. # 12] is GRANTED; and

(5) ORDERED that this case is remanded to the Circuit Court of Jackson County, Missouri, for all further proceedings.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: June 30, 2006

Jefferson City, Missouri